Crotty, J.
Part, I

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X

NATIONAL FOOTBALL LEAGUE
MANAGEMENT COUNCIL,

        *Plaintiff,*

*v.*

NATIONAL FOOTBALL LEAGUE
PLAYERS ASSOCIATION,

        *Defendant.*

------------------------------------------------------------X

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/17/2017
```

Case No.:17-cv-06761-KPF

**OPINION & ORDER**

HONORABLE PAUL A. CROTTY, United States District Judge:

      On September 5, 2017, Plaintiff, National Football League Management Council ("NFL"), filed its Complaint seeking confirmation of Arbitrator Harold Henderson's September 5, 2017 decision sustaining NFL Commissioner Roger Goodell's six-game suspension of Ezekiel Elliott. Dkt. No. 1.  On October 16, 2017, Defendant, National Football League Players Association ("NFLPA"), on its own behalf and on behalf of Dallas Cowboys Running Back Ezekiel Elliott, filed: (1) an answer denying the claims in the NFL's Complaint and (2) a counterclaim requesting the Court to vacate the September 5, 2017 arbitral decision on the ground that Mr. Elliott was deprived of his labor and arbitral rights to a fundamentally fair proceeding. Dkt. No. 28.  Simultaneously, NFLPA moved for a Temporary Restraining Order ("TRO") and a Preliminary Injunction ("PI") to prevent NFL from enforcing the six-game suspension, which NFL opposed the next day.  On October 17, 2017, Honorable Paul A. Crotty, sitting as a Part-I Judge of the U.S. District Court for the Southern District of New York, heard the parties' arguments in U.S. District Judge Katherine P. Failla's absence.

Crotty, J.
Part, I

The Court hereby grants NFLPA a TRO and defers consideration of the PI until Honorable
Katherine P. Failla returns.

## DISCUSSION

"It is well established that in this Circuit the standard for an entry of a TRO is the same as
for a preliminary injunction." *CF 135 Flat LLC v. Triadou SPY N.A.*, No. 15-CV-5345 (AJN),
2016 WL 2349111, at *1 (S.D.N.Y. May 3, 2016).   A party seeking a preliminary injunction must
show "(a) irreparable harm and (b) either (1) likelihood of success on the merits or (2) sufficiently
serious questions going to the merits to make them a fair ground for litigation and a balance of
hardships tipping decidedly toward the party requesting the preliminary relief." *Citigroup Global
Mkts., Inc. v. VCG Special Opportunities Master Fund Ltd.*, 598 F.3d 30, 35 (2d Cir. 2010).

The Court finds that Defendant is entitled to a TRO.   First, Defendant has established that,
without a TRO, Mr. Elliott would suffer irreparable harm because he stands to miss more than
one-third of the NFL's regular season.   Improper suspensions can undoubtedly result in irreparable
harm.   *See Nat'l Football League Players Ass'n v. Nat'l Football League*, 598 F. Supp. 2d 971,
982 (D. Minn. 2008); *Brady v. Nat'l Football League*, 779 F.Supp.2d 992, 1005 (D. Minn. 2011),
*rev'd on other grounds*, 644 F.3d 661 (8th Cir. 2011) ("*Brady I*").

Second, Defendant has also established that a balance of hardships tips "decidedly toward"
Defendant. *Citigroup Global Mkts.*, 598 F.3d at 35.   As acknowledged by the Texas district court
addressing the same issues with the same parties,[1] NFL stands to suffer "little, if any, harm" by

---

[1] NFLPA previously requested the U.S. District Court for the Eastern District of Texas to preliminarily enjoin NFL
from enforcing the six-game suspension of Elliott, which was subsequently granted. *Nat'l Football League Players
Ass'n v. Nat'l Football League*, No. 4:17-CV-00615, 2017 WL 3940545 (E.D. Tex. Sept. 8, 2017). This decision
was reversed and remanded by Court of Appeals for the Fifth Circuit for lack of subject matter jurisdiction. *Nat'l
Football League Players Ass'n v. Nat'l Football League*, No. 17-40936, 2017 WL 4564713 (5th Cir. Oct. 12, 2017).

Crotty, J.
Part, I

temporarily allowing Mr. Elliott to play for the Cowboys as he has for at least four games, not-withstanding the fact that he was suspended. *Nat'l Football League Players Ass'n v. Nat'l Football League*, No. 4:17-CV-00615, 2017 WL 4124105, at *6 (E.D. Tex. Sept. 18, 2017). NFL can impose the suspension over Elliott at a later time if the Defendant's counterclaim for vacatur is denied. In contrast, without a TRO, Mr. Elliott stands to suffer significant harm to his career and reputation that cannot be monetarily compensated should Defendant win the counterclaim for vacatur. On balance, the Defendant's hardship substantially outweighs the Plaintiff's.

Lastly, Defendant has established that there are "sufficiently serious questions going to the merits to make them a fair ground for litigation." *Citigroup Global Mkts.,* 598 F.3d at 35. Defendant raised significant issues implicating the fundamental fairness of the arbitration proceeding that Mr. Elliott was subject to. Defendant was denied the opportunity to confront the accusing witness and it had no opportunity to cross examine this witness on the alleged domestic violence. This is significant because there were substantial questions concerning the credibility of the accusing witness. Defendant was also denied the opportunity to question NFL Commissioner Goodell regarding whether he was aware that the accuser of domestic violence was not credible. In effect, Defendant was deprived of opportunities to explore pertinent and material evidence, which raises sufficiently serious questions.

Plaintiff maintains that the issue of fundamental fairness is irrelevant because "there is no such thing as fundamental fairness review under the Labor Management Relations Act." Pl. Opp. 1 (internal quotation marks omitted). Plaintiff contends that the Second Circuit determined that fundamental fairness was not the appropriate standard for reviewing an arbitral order. Plaintiff, instead, asserts that the only relevant "issue is whether the Arbitrator even arguably construed or applied the contract." Pl. Opp. 13 (citing *Nat'l Football League Mgmt. Council v. Nat'l Football*

3

Crotty, J.
Part, I

*League Players Ass'n*, 820 F.3d 527 (2d Cir. 2016) ("*Brady II*")) (internal quotation marks omitted). Plaintiff, in effect, argued during the hearing that *Brady II* forecloses judicial review of arbitral decision for fundamental fairness.

That is quite wrong. *Brady II* acknowledged that the Second Circuit has "never held that the requirement of 'fundamental fairness' applies to arbitration awards under the [Labor Management Relations Act]." *Id.* at 546, n.13. *Brady II*, however, did not hold that courts cannot review arbitral decisions for fundamental fairness: *Brady II* did not decide that issue. *Id.* ("[W]e need not decide whether the 'free-floating procedural fairness standard' of the [Federal Arbitration Act] ought to be imported to our review of arbitrations conducted pursuant to the [Labor Management Relations Act].").[2] At most, *Brady II* acknowledged that this issue is open in the Second Circuit.

## CONCLUSION

NFL admits that the arbitral decision is subject to judicial review. Such a review would be hollow, however, if the discipline, such as suspension, could be imposed *apriori*.

The Court hereby enjoins the NFL from enforcing the six-game suspension of Mr. Ezekiel Elliott imposed by NFL Commissioner Roger Goodell. This temporary restraining order is effective until the earlier of: (1) October 30, 2017 or (2) the disposition of the motion for a preliminary injunction by Honorable Katherine P. Failla.

Dated: New York, New York
      October 17, 2017

SO ORDERED

PAUL A. CROTTY
United States District Judge

---

[2] *Brady II* did not need to decide that issue because even if fundamental fairness were required in arbitral decisions, the exclusion of "collateral" evidence during its arbitration was not fundamentally unfair. *Id.* at 546.

4