

North America Europe Asia

200 Park Avenue
New York, NY 10166
T +1 212 294 6700
F +1 212 294 4700

**JEFFREY L. KESSLER**
Partner
(212) 294-4698
jkessler@winston.com

**MEMO ENDORSED**

October 20, 2017

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: ________________
DATE FILED: October 20, 2017

**VIA ECF AND EMAIL**

Honorable Katherine Polk Failla
United States District Court for the Southern District of New York
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, NY 10007

**Re: National Football League Management Council v. National Football League Players Association, Case No. 1:17-cv-06761-KPF**

Dear Judge Failla:

The National Football League Players Association ("NFLPA") hereby opposes the National Football League Management Council's ("NFLMC") October 20, 2017 request to modify the briefing and hearing schedule ordered by Judge Crotty on Tuesday, October 17 (the "Order").

The NFL's request to accelerate the preliminary injunction hearing schedule would deprive the NFLPA of the reply brief to which it is entitled under Judge Crotty's Order. The NFLPA had, accordingly, been proceeding under the assumption that it would file its reply brief on October 27. The NFLPA is amenable to filing that brief on October 25 if the NFLMC chooses to stand on its previously filed opposition, but the NFLPA objects to the NFLMC's position that the NFLPA should have no reply brief at all. We note that the NFLPA's reply submission is necessary because, among other things, it will respond to the NFLMC's argument in its October 19 Opposition brief—made *for the first time* despite the many filings in this dispute—that vacatur of an arbitration award under the LMRA must be premised on a breach of a CBA provision. The NFLMC's contention that the NFLPA's preliminary injunction motion "is fully briefed and ripe for decision" is simply wrong.

The NFLMC's request to expedite the preliminary injunction hearing schedule is equally inappropriate. As an initial matter, this case is already on an expedited track, with a hearing to take place just ten days from now. And three federal Judges—Judge Mazzant of the Eastern District of Texas; Judge Graves of the Fifth Circuit Court of Appeals; and Judge Crotty of this Court—have universally concluded that the *only* party facing harm is Ezekiel Elliott.[1]

---

[1] *See, e.g.,* ECF No. 31 at 2 (Crotty, J.) ("Mr. Elliott would suffer irreparable harm because he stands to miss more than one-third of the NFL's regular season. Improper suspensions can undoubtedly result in irreparable harm.") (citing *Nat'l Football League Players Ass'n v. Nat'l*



North America Europe Asia

200 Park Avenue
New York, NY 10166
T +1 212 294 6700
F +1 212 294 4700

The mere fact that the NFL disagrees with the five federal Judges who have reviewed the NFLPA's fundamental fairness claim, and found merit in it, of course does not justify an even more expedited schedule. *See, e.g.,* ECF No. 31 at 3 (Crotty, J.) ("Defendant raised significant issues implicating the fundamental fairness of the arbitration proceeding that Mr. Elliott was subject to. . . . In effect, Defendant was deprived of opportunities to explore pertinent and material evidence, which raises sufficiently serious questions."); *Nat'l Football League Players Ass'n v. Nat'l Football League,* 2017 WL 4564713, at *9 (5th Cir. Oct. 12, 2017) ("[t]he NFLPA and Elliott were arguably denied the right to 'present, by testimony or otherwise, any evidence relevant to the hearing" such that the "integrity of the arbitration process" was "impugned"); *id.* at *5 n.8 (NFLPA's fundamental fairness arguments "may have merit."); *Nat'l Football Players Ass'n v. Nat'l Football League*, 2017 WL 3940545, at *10 (E.D. Tex. Sept. 8, 2017) ("Unlike *Brady I and Brady II*, the evidence and testimony precluded is material, pertinent, and critically important to Elliott's case . . . . Additionally, this case concerns withheld material evidence from the NFLPA and Elliot, and possibly Commissioner Goodell. As such, this case involves essential evidence that was sought and denied resulting in a fundamentally unfair hearing."); *id.* at *8 ("the set of facts presented in this case are everything but ordinary and are such that the denial of key witnesses and documents amounts to serious misconduct by the arbitrator."); *id.* at *10 ("Fundamental unfairness is present throughout the entire arbitration process. Due to such fundamental unfairness, the Court's intervention is justified . . . . At every turn, Elliott and the NFLPA were denied the evidence or witnesses needed to meet their burden. Fundamental unfairness infected this case from the beginning, eventually killing any possibility that justice would be served.").

Furthermore, as a matter of schedule, I have a two-day jury exercise, involving multiple participants from around the country, scheduled for next Thursday and Friday. We also believe that the Court deserves the time to review and consider our reply brief before it holds the preliminary injunction hearing the following Monday.

Finally, with respect to the NFL's request to expedite briefing and hearing on a motion to confirm *it has not yet filed*, and a cross-motion to vacate that the NFLPA has not yet filed, we are amenable to meeting and conferring with the League on a schedule. However, for the same reasons set forth above, the NFL cannot show any good cause for its proposed dramatic departure from the Court's ordinary scheduling requirements. The NFLPA submits that the parties and the Court should focus

---

*Football League*, 598 F. Supp. 2d 971, 982 (D. Minn. 2008); *Brady v. Nat'l Football League*, 779 F. Supp. 2d 992, 1005 (D. Minn. 2011), *rev'd on other grounds*, 644 F.3d 661 (8th Cir. 2011) ("*Brady I*")); *id.* at 2-3 (Crotty, J.) ("NFL stands to suffer 'little, if any, harm' by temporarily allowing Mr. Elliott to play for the Cowboys as he has for at least four games . . ."); *Nat'l Football Players Ass'n v. Nat'l Football League*, 2017 WL 4124105, at *6 (E.D. Tex. Sept. 18, 2017) ("It is well-recognized that Elliott will suffer injury if he has to serve an improper suspension while awaiting the resolution of the petition to vacate") (collecting cases); *id.* ("[T]he Court is not interfering with the [NFL's] internal procedures, but is ensuring that the CBA is carried out in the manner pr[e]scribed. Accordingly, the NFL has shown little, if any, harm."); *Nat'l Football League Players Ass'n v. Nat'l Football League,* 2017 WL 4564713, at *11 (5th Cir. Oct. 12, 2017) ("[T]he NFLMC has failed to show "any irreparable injury.").




North America Europe Asia

200 Park Avenue
New York, NY 10166
T +1 212 294 6700
F +1 212 294 4700

on the preliminary injunction hearing on October 30—in 10 days—and thereafter proceed to brief the cross-motions to confirm and vacate the arbitration award.

Respectfully Submitted,

*/s/ Jeffrey L. Kessler*
Jeffrey L. Kessler

cc: All counsel of record (via ECF)

Application GRANTED. The parties shall appear for a hearing to address the preliminary injunction on October 30, 2017, at 5:00 p.m.

Dated: October 20, 2017
New York, New York

SO ORDERED.

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE